

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. J. S. Ellingson
General Manager,
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. O-1152
Re: A convict who has actually served as
much as one year flat-time is, under
the facts stated in this opinion, en-
titled to receive $50 from the State
when discharged.

Your letter of July 18, 1939, addressed to this office,
reads as follows:

"Arthur Huey, No. 84572 was sentenced to 4 years
from Hutchinson County for embezzlement and was receiv-
ed in the penitentiary on the 26th day of February,
1937. On October 6, 1937, Governor Allred granted this
inmate a 15 day Reprieve, on October 18, 1937 this
reprieve was extended for 15 days and Huey voluntarily
returned to prison on November 5, 1937.

"On July 28, 1938 Governor Allred granted him a
30 day reprieve and he did not return from this re-
prieve; however, on August 29, 1938 he was discharged
on Court order #3525 issued by the District Court of
Limestone County. Later, on October 24, 1938 Huey
was returned to prison on order of Judge Douglas of
the 84th District Court of Texas. Huey was discharg-
ed yesterday, July 17, 1939.

"As Huey did not serve between any reprieves as
much as a year, he was paid $25.00 in conformity with
opinions by Assistant Attorney General Joe J. Alsup
dated January 3, 1936 and Assistant Attorney General
H. L. Williford dated May 25, 1938.

"Did we owe Huey $25.00 or $50.00?"

Hon. O. J. S. Ellingson, Page #2.

You refer to a letter written by former Assistant Attorney General Alsup to you on January 3, 1936. That letter is based upon an entirely different statement of facts from those contained in your letter. There the convict served less than one year flat time before he was released on a conditional pardon which was subsequently revoked and he was returned to the penitentiary from which he was finally discharged after he had served the remaining portion of his sentence which was less than one year flat after his return and re-incarceration. Mr. Alsup held, under the facts stated, that the convict was, when discharged, entitled to receive only $25.

In the letter written to you by Hon. H. H. Williford, a former Assistant in this office, the facts there stated are not the same as those in the instant case. There the convict had served more than one year flat time before he was given a 15 day reprieve to attend his mother's funeral. He promptly returned before the expiration of his reprieve, served two months more, and was discharged. Mr. Williford held the convict was entitled to be paid $50 when discharged.

Article 6166z-1, Vernon's Annotated Civil Statutes, among other things, provides that "When a prisoner is entitled to a discharge from prison, he or she shall be furnished with a written or printed discharge" containing certain information, clothing, etc., "and when a person and/or convict actually serves over one year, he shall receive Fifty Dollars ($50.00) in money in addition to any money held to his or her credit, provided that if a person and/or convict does not actually serve one year flat time, he shall not receive Fifty Dollars ($50.00); but in lieu thereof a person serving less than one year actual time shall receive Twenty-five ($25.00) Dollars in money in addition to any money held to his or her credit and a decent outfit of citizen's clothing of good quality and fit."

The above Article became effective on May 26, 1933. Subsequently, Article 6166m-1 was enacted and became effective October 26, 1933. By the provisions of this Article, a "Discharged Convicts Revolving Fund" of $25,000 was created to "be used for the prompt payment in cash to all discharged, pardoned or paroled convicts."

These two articles, when construed together, as they must be, make it perfectly clear that whenever a prisoner is discharged from the penitentiary, whether he has served his sentence

Hon. O. J. S. Ellingson, Page #3.

or been granted a pardon, full or conditional, or a parole, he is entitled to receive in cash, determined by the time he has actually served flat on his sentence, the amount of money stated in Article 6166z-1. If he has not actually served "one year flat time," he can receive only $25.00. If he has actually served one year flat time and less than ten years, he shall receive $50.00.

When convict Huey was released from prison on October 6, 1937, on a reprieve for a period of 15 days, which was extended for another 15 day period, he was expected to return to prison to serve the remainder of his sentence. The Governor's proclamation contained this provision: "Time out of prison under this proclamation shall not be considered as time served on sentence." The effect of which was to give him a leave of absence from confinement for which he could receive no credit on his sentence. He returned to prison on the very day his reprieve expired; was not again released from prison until July 28, 1938, when he was given another reprieve for 30 days. At that time, he had actually served approximately 16 months flat of his sentence.

In view of the foregoing, it is our opinion that Huey was entitled to receive $50 when he was discharged.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Bruce W. Bryant_
        Bruce W. Bryant
        Assistant

APPROVED OPINION COMMITTEE
BY _____ CHAIRMAN

APPROVED JUL 29, 1938

BWB:pbp
FIRST ASSISTANT
ATTORNEY GENERAL